IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA A. ATKINS,<br>            Plaintiff,<br><br>            v<br>UPMC HEALTHCARE BENEFITS TRUST,<br>LIFE INSURANCE COMPANY OF NORTH<br>AMERICA *AND* CIGNA LIFE INSURANCE<br>COMPANY OF NEW YORK *trading as*<br>CIGNA GROUP INSURANCE,<br><br>            **Defendants.** | 2:13-cv-520 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this ERISA case is PLAINTIFF'S MOTION FOR DISCOVERY (ECF No. 19), with brief in support, filed by counsel for Linda A. Atkins ("Atkins"). Defendants Life Insurance Company of North America ("LINA") and Cigna Life Insurance Company of New York ("Cigna") filed a brief in opposition to the motion. Atkins filed a reply brief and the motion is ripe for disposition.

Factual and Procedural Background

Atkins was employed as a registered nurse at UPMC Presbyterian-Shadyside for several years. One of her employee benefits was long-term disability coverage under the UPMC Healthcare Benefits Trust (the "Plan"). Defendant LINA was allegedly the underwriter of the Plan and Defendant Cigna was alleged to be the Plan Administrator.[1] On June 24, 2010, Atkins was involved in a car accident which caused severe injuries. She alleges that she has been

---

[1] Cigna asserts that it had no role in the claim denial and would not be responsible for paying any LTD benefits, such that it should not be a party.

unable to resume her duties as a nurse at UPMC since that date. Atkins was adjudicated as disabled by Social Security as of December 2010.

Atkins began receiving LTD benefits under the Plan on December 24, 2010. She received benefits for one year, until December 23, 2011, at which time Defendants determined that she no longer met the definition of disability. The applicable test for disability is whether Atkins is able to perform her past regular occupation as a nurse or whether she is otherwise able to earn 80% of her past earnings. Atkins contends that Cigna wrongfully denied her continued entitlement to long-term disability benefits. Among other allegations, Atkins asserts that Defendants ignored the opinions of her treating physicians and sent a form denial letter which contained references to the wrong person's name.

The instant discovery dispute first arose during the initial case management conference. In an Order dated August 6, 2013 the Court instructed Defendants to produce the administrative record and provided an opportunity for Plaintiff to file an appropriate motion for additional discovery, accompanied by the actual discovery requests. Plaintiff has done so. On October 30, 2013 the ADR mediator reported that this case had not been amicably resolved.

Legal Analysis

Discovery in an ERISA context must reflect the statute's goal of a speedy, inexpensive, and efficient resolution of claims. *See Delso v. Trustees of Ret. Plan for Hourly Employees of Merck & Co., Inc.*, No. 04–3009, 2006 WL 3000199 (D.N.J. Oct.20, 2006). Courts have considerable latitude in deciding whether discovery outside the scope of the administrative record is appropriate. *Irgon v. Lincoln Nat. Life Ins. Co.*, 2013 WL 6054809 at *4 (D.N.J. Nov. 15, 2013). However, discovery into the "merits" of a coverage decision (beyond the

administrative record) is not appropriate. *Sivalingam v. Unum Provident Corp.*, 735 F. Supp.2d 189, 196 (E.D. Pa. 2010).

Plaintiff seeks discovery on three topics: (1) Defendants' structural conflict; (2) the terms of the Plan; and (3) the operations and procedures by which Defendants determine who is disabled. Defendants oppose all discovery. Defendants argue that discovery into their procedures is improper, overly broad and unduly burdensome; that the entire 835 page administrative record has been produced; and that additional discovery into the merits of their decision is not warranted. The parties' respective arguments address overarching issues of scope – they do not focus on the language of the various Interrogatories and Document Requests.

This case is in a somewhat unique procedural posture, in that the applicable standard of review is disputed and resolution of that issue is not yet ripe for decision. Defendants, not surprisingly, contend that the Court must deferentially review whether their decision was arbitrary and capricious (i.e., an abuse of discretion). Atkins contends that the Plan documents do not unambiguously delegate discretionary authority to the plan administrator and that the Appointment of Claim Fiduciary form (Defendants' Exhibit C) is not sufficient to grant such authority, such that a de novo review applies. Briefing on this important issue will be needed. The Court notes that the Plan provision cited by Defendants does not contain clear "safe harbor" language. *See Viera v. Life Ins. Co. of North America*, 642 F.3d 407, 415-17 (3d Cir. 2011).

Defendants contend that discovery is improper under either standard of review. The Court does not agree. The standard of review will materially impact the scope of information that may be considered by the Court. In an abuse of discretion review, the Court is generally limited to the administrative record. By contrast, in a de novo review a Court has discretion to consider supplemental evidence, even if it was not presented to the administrator. *Viera v. Life*

3

*Ins. Co. of North America*, 642 F.3d 407, 418 (3d Cir. 2011); *Laslavic v. Principal Life Ins. Co.*, 2013 WL 254450 (W.D. Pa. 2013). On the other hand, if a de novo review applies, then LINA's alleged conflicts of interest will not be relevant. *Viera*, 642 F.3d at 418.

Even if an abuse of discretion review applies, the Court may consider conflicts of interest as a factor in evaluating the administrator's decision. As explained in *Sivalingam*, 735 F. Supp.2d at 195:

> The [Supreme] Court in *Glenn* recognized that "the significance of [a conflict] will depend on the circumstances of the particular case." *Id*. at 2346. It observed that a conflict would be more significant where an insurance company administrator had "a history of biased claims administration" but would be less significant "where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." *Id*. at 2351.

The case law has identified two types of conflicts of interest. A "substantive" conflict occurs when the entity making the benefits determination is financially interested in the outcome. Defendants stipulate that a structural conflict does exist, in that LINA both evaluates and pays claims for benefits. However, Defendants affirmatively assert that the medical professionals involved in Atkins' case had no financial incentive to deny her claim. Brief at 7 n.2. Atkins should be entitled to probe this assertion. The Court is confident that the parties are capable of executing an appropriate protective order for sensitive information.

A "procedural" conflict focuses on how the administrator treated a particular claimant and may arise from case-specific factors and irregularities. *Miller v. American Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir. 2011) (citations omitted). In *Mullica v. Minnesota Life Ins. Co.*, the Court summarized that "evidence of a procedural conflict includes: (1) reversal of position without additional medical evidence; (2) self-serving selectivity in the use and interpretation of

physicians' reports; (3) disregarding staff recommendations that benefits be awarded; and (4) requesting a medical examination when all of the evidence indicates disability." 2013 WL 5429295 at *2 (E.D. Pa. Sept. 27, 2013) (citations omitted). Atkins has alleged several procedural irregularities in the Complaint.

In *Sivalingam*, 735 F. Supp.2d at 196, the Court authorized limited, narrowly-tailored "conflicts" discovery but rejected "merits" discovery. This Court is persuaded by the analysis and balancing of the competing interests in *Sivalingam*. As applied to the pending disputes, the Court concludes as follows:

(1) Except as noted above regarding the financial incentives of the medical decision-makers, no discovery is necessary as to the structural conflict of interest. Defendants have stipulated that it exists and the Court will consider this structural conflict, if an abuse of discretion review applies. *See id*. at 197.[2]

(2) To the extent that they have not already done so, Defendants shall produce all documents reflecting the extent of the delegation of discretion to the administrator. The Court is aware that Atkins has received the policy and Appointment of Claim Fiduciary form. Request for Production 16 (which requests all documents reflecting the Plan) as drafted, is overbroad.

(3) Discovery regarding the alleged procedural conflicts will be permitted. The Court does not agree with Defendants that all of Plaintiff's requests go to the merits of her claim.

(4) The parties are instructed to meet and confer on or before January 3, 2014 and attempt to reach agreement on the scope of the permissible discovery.

---

[2] Atkins asserts that a report by state regulators in Maine (attached as an exhibit) shows a history of biased claims handling by Defendants. The Court agrees with Defendants that this report is irrelevant because it involved decisions made in Maine in 2009, two years prior to the decision in this case.

In accordance with the foregoing, PLAINTIFF'S MOTION FOR DISCOVERY (ECF No. 19) will be **GRANTED IN PART AND DENIED IN PART**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA A. ATKINS,<br>        Plaintiff,<br><br>        v<br>UPMC HEALTHCARE BENEFITS TRUST,<br>LIFE INSURANCE COMPANY OF NORTH<br>AMERICA *AND* CIGNA LIFE INSURANCE<br>COMPANY OF NEW YORK *trading as*<br>CIGNA GROUP INSURANCE,<br>        Defendants. | )<br>)<br>)<br>)<br>) 2:13-cv-520<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 16th day of December, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that PLAINTIFF'S MOTION FOR DISCOVERY (ECF No. 19) is **GRANTED IN PART AND DENIED IN PART.** The parties shall meet and confer on or before January 3, 2014 and attempt to reach agreement on the scope of the permissible discovery in accordance with the Memorandum Opinion.

                                                BY THE COURT:

                                                s/Terrence F. McVerry
                                                United States District Judge

cc: **Verdell Dean, Esquire**
Email: vdlaw@aol.com
**Tybe A. Brett, Esquire**
Email: tbrett@fdpklaw.com
**Anthony A. Seethaler**
Email: tony@seethalerlaw.com

**James A. Keller, Esquire**
Email: jkeller@saul.com
**Caitlin M. Piccarello, Esquire**
Email: cpiccarello@saul.com
**Cynthia L. Randall, Esquire**
Email: crandall@saul.com