IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA A. ATKINS,<br>        Plaintiff,<br><br>        v<br>UPMC HEALTHCARE BENEFITS TRUST,<br>LIFE INSURANCE COMPANY OF NORTH<br>AMERICA *AND* CIGNA LIFE INSURANCE<br>COMPANY OF NEW YORK *trading as*<br>CIGNA GROUP INSURANCE,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) 2:13-cv-520<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Pending before the Court in this ERISA case are DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") AND CIGNA LIFE INSURANCE COMPANY OF NEW YORK'S ("CIGNA") MOTION FOR CLARIFICATION AND PROTECTIVE ORDER (ECF No. 28), with brief in support; and PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (ECF No. 31), with brief in support, filed by counsel for Linda A. Atkins ("Atkins"). The motions have been thoroughly briefed (ECF Nos. 29, 30, 32, 33, 34) and are ripe for disposition.

Factual and Procedural Background

Atkins was employed as a registered nurse at UPMC Presbyterian-Shadyside for several years. One of her employee benefits was long-term disability coverage under the UPMC Healthcare Benefits Trust (the "Plan"). Defendant LINA was allegedly the underwriter of the

Plan and Defendant Cigna was alleged to have been the Plan Administrator.[1] On June 24, 2010, Atkins was involved in a car accident which caused severe injuries. She alleges that she has been unable to resume her duties as a nurse at UPMC since that date. Atkins was adjudicated as disabled by Social Security as of December 2010.

Atkins began receiving LTD benefits under the Plan on December 24, 2010. She received benefits for one year, until December 23, 2011, at which time Defendants determined that she no longer met the definition of disability. The applicable test for disability is whether Atkins is able to perform her past regular occupation as a nurse or whether she is otherwise able to earn 80% of her past earnings. Atkins contends that Cigna wrongfully denied her continued entitlement to long-term disability benefits. Among other allegations, Atkins asserts that Defendants ignored the opinions of her treating physicians and sent a form denial letter which contained references to the wrong person's name.

The instant discovery dispute first arose during the initial case management conference. In an Order dated August 6, 2013 the Court instructed Defendants to produce the administrative record and provided an opportunity for Plaintiff to file an appropriate motion for additional discovery, accompanied by the actual discovery requests. Atkins subsequently filed a motion for discovery, which the Court granted in part and denied in part by Memorandum Opinion dated December 16, 2013. In particular, the Court observed that the parties' respective arguments had addressed overarching issues of scope, but had not focused on the actual language of the various Interrogatories and Document Requests. Indeed, Defendants had not yet filed discovery responses and objections. The parties were instructed to meet and confer to attempt to resolve and/or clarify their dispute(s).

---

[1] Cigna asserts that it had no role in the claim denial and would not be responsible for paying any LTD benefits, such that it should not be a party. This issue remains in dispute.

The parties engaged in further discussions but have been unable to reach agreement on all issues. On March 10, 2014 Defendants served objections and responses to Plaintiff's discovery requests and provided additional documents beyond the administrative record. Further, Defendants represent that they will produce additional information regarding the medical professionals who reviewed Atkins' claim upon entry of a Protective Order. However, Defendants maintain their objections to many of Plaintiff's discovery requests. The disputes have now been crystallized and are amenable to resolution.

Motion for Clarification and Protective Order

Defendants purportedly seek "clarification" of the Court's December 16 Opinion, although they do not point to any specific ambiguity. Instead, they ask the Court to articulate the permissible boundaries of procedural conflicts discovery in the abstract. In addition, Defendants seek entry of a Protective Order. Plaintiff opposes the motion for "clarification" on the ground that the Court's December 16 Opinion is clear. Plaintiff agrees to the entry of a Protective Order, although she objects to one provision in the draft order submitted by Defendants. Plaintiff has submitted an alternative proposed Protective Order (ECF No. 30, exh. 3), to which Defendants have not objected.

The parties have now refined and clarified their disputes, and the Court will provide additional guidance by way of this Memorandum Order. Thus, specific clarification of the Court's December 16 Opinion is not necessary. Plaintiff's proposed Protective Order (ECF No. 30, exh. 3) will be adopted by the Court and shall govern confidential information in this case. Counsel for Plaintiff shall submit a non-redlined version to the Court forthwith. In accordance with the foregoing, DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA

("LINA") AND CIGNA LIFE INSURANCE COMPANY OF NEW YORK'S ("CIGNA") MOTION FOR CLARIFICATION AND PROTECTIVE ORDER (ECF No. 28) is **GRANTED IN PART** as to entry of a Protective Order and **DENIED IN PART** as to the request for clarification.

Motion to Compel

The parties continue to disagree regarding the permissible scope of discovery into the incentives for the reviewing medical professionals to deny Plaintiff's claim for benefits. Plaintiff asks the Court to compel Defendants to respond to RFP Nos. 3-6 and 17-22 and Interrogatories Nos. 12-15. Plaintiff also seeks to recover her attorney fees as a sanction. Defendants contend that the discovery sought by Plaintiff goes far beyond that authorized by the December 16 Opinion and other case law, and is unduly broad, intrusive and burdensome.

The Court, largely, agrees with Defendants. Discovery in an ERISA context must reflect the statute's goal of a speedy, inexpensive, and efficient resolution of claims. *See Delso v. Trustees of Ret. Plan for Hourly Employees of Merck & Co., Inc.*, 2006 WL 3000199 (D.N.J. Oct.20, 2006). Plaintiff's sweeping discovery requests are incompatible with this principle. Atkins is entitled to probe the assertion that the medical professionals involved in Atkins' case had no financial incentive to deny her claim. However, this Court has endorsed the approach taken in *Sivalingam v. Unum Provident Corp.*, 735 F. Supp.2d 189, 196 (E.D. Pa. 2010), which authorized only "limited, narrowly-tailored conflicts discovery."

*Myers v. Prudential Ins. Co. of America*, 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008), which was cited by both sides, provides reasonable guidance. On one hand, Plaintiff is entitled to know **generally** if there was "any type of incentive, bonus, or reward program or system,

formal or informal, for any employee(s) involved in any meaningful way in reviewing [Atkins'] disability claims." *Id*. On the other hand, discovery of the personnel files and pay records of defendant's employees would be overly burdensome, and its intrusiveness outweighs its likely benefit. *Id*.

Defendants' verified discovery responses reflect that Carol Flippen, M.D., Paul Seiferth, M.D., and Carol Wojdylak, R.N., were employed by LINA and were paid a "fixed salary, benefits and discretionary bonuses that are unrelated to and unaffected by claim outcomes." The fourth medical professional who reviewed Atkins' claim, Monica Lintott, Ph.D., was not employed by, or selected by, Defendants and was not paid more, or differently, for reaching a particular conclusion. Defendants have agreed to provide the Table of Contents to its Claim Policy and Procedures ("P&P) and to produce relevant sections of the P&P identified by Plaintiff. The Court expects such discovery to occur. As to Interrogatories Nos. 12-15, Defendants explained that they do not track the number of claims that were terminated or denied after review by a particular medical reviewer. The Court agrees that the burden of such responses outweighs the potential benefit. *See Warner v. Unum Life Ins. Co. of Am.*, 2013 WL 3874060 *6-7 (N.D. Ill. 2013) (declining to authorize "batting average" statistical discovery).

The information and documents that Defendants have produced (and have represented that they will produce upon entry of a Protective Order) are sufficient to satisfy their discovery obligations regarding the potential bias of the reviewing medical professionals in this case. The remaining discovery requests made by Plaintiff are excessive. The scope of permissible discovery is narrow and must be carefully circumscribed. *Myers*, 581 F. Supp.2d at 914. Plaintiff is not entitled to recover counsel fees.

In accordance with the foregoing, PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (ECF No. 31) is **DENIED**.

SO ORDERED this 17th day of April, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Verdell Dean, Esquire**
Email: vdlaw@aol.com
**Tybe A. Brett, Esquire**
Email: tbrett@fdpklaw.com
**Anthony A. Seethaler**
Email: tony@seethalerlaw.com

**James A. Keller, Esquire**
Email: jkeller@saul.com
**Caitlin M. Piccarello, Esquire**
Email: cpiccarello@saul.com
**Cynthia L. Randall, Esquire**
Email: crandall@saul.com